**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL PALMER, | : | **Hon. Esther Salas** |
| | : | |
| Petitioner, | : | Civil Action No. 11-3376 (ES) |
| | : | |
| v. | : | |
| | : | |
| MICHELLE R. RICCI, et al., | : | **O P I N I O N** |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> MICHAEL PALMER, #239004C
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner Pro Se

**SALAS, District Judge**

Michael Palmer, an inmate incarcerated at New Jersey State Prison, filed a "NOTICE OF PETITION FOR WRIT OF HABEAS CORPUS," pursuant to 28 U.S.C. § 2254 with respect to an October 28, 2003, judgment of conviction in the New Jersey Superior Court, Essex County. (Docket Entry #1-1.)  Petitioner also filed "NOTICE OF MOTION/PETITION FOR LEAVE AND PERMISSION TO PROCEED IN FORMA PAUPERIS & NOTICE OF MOTION/PETITION FOR ASSIGNED COUNSEL & NOTICE [OF] MOTION/PETITION FOR AN EVIDENTIARY HEARING AND NOTICE WRIT OF HABEAS CORPUS IN ABEYANCE UNTIL PETITIONER EXHAUST[S] THE REQUIRED STATE PROCESS." (Docket Entry #1-2.)  Having thoroughly reviewed Petitioner's submissions, this Court will dismiss the matter for lack of jurisdiction and deny a certificate of appealability.

# I. BACKGROUND

Petitioner asserts that on October 27, 2003, the New Jersey Superior Court, Law Division, Essex County, entered a judgment of conviction after a jury found him guilty of knowing or purposeful murder (Count One); unlawful possession of a weapon (Count Two); and possession of a weapon for an unlawful purpose (Count Three).  (Docket Entry #1-5, p. 2.)  The Law Division imposed a 30 year term of incarceration without parole eligibility.  (Id. at 2-3.)  Petitioner appealed, and on December 14, 2006, the Appellate Division of the New Jersey Superior Court affirmed the conviction and sentence, but remanded for correction of the judgment of conviction.  See State v. Palmer, No. 01-10-4196, 2006 WL 3626377 (N.J. Super. Ct. App. Div. Dec. 14, 2006).  On February 5, 2008, the New Jersey Supreme Court denied certification.  See State v. Palmer, 194 N.J. 268 (2008) (table).

Petitioner asserts that on February 27, 2007, he submitted his pro se petition for post-conviction relief to the Law Division, and counsel was assigned on March 9, 2007.  (Docket Entry #1-5, p. 3.)  Petitioner asserts that on February 9, 2011, Superior Court Judge McCormack granted his request for an evidentiary hearing.  "Thus [to] date, petitioner's PCR Application is awaiting an evidentiary hearing and decision therefrom.  Wherefore, said Notice of Petition for Writ of Habeas Corpus is filed with Leave and Permission to be held in Abeyance until state remedies are exhausted and petitioner meet[s] the statute time limitation in the instant case."  (Id. at 3-4.)  Petitioner presents two legal arguments:

> Point I:  PETITIONER SHOULD BE AFFORDED COUNSEL IN THIS MATTER TO ASSIST IN EFFECTING THE ISSUES BEFORE THIS UNITED STATES DISTRICT COURT OF NEW JERSEY.

> Point II:  ALLOWING PETITIONER TO EXHAUST ALL HIS
> STATE REMEDIES AND GRANTING THE FILING OF
> PETITIONER'S HEREIN SUBMITTED NOTICE OF PETITION
> FOR WRIT OF HABEAS CORPUS AND THEN HOLDING
> SAME IN ABEYANCE UNTIL THE STATE EXHAUSTION IS
> COMPLETED IS A FUNDAMENTAL NON-PREJUDICIAL
> REQUEST TO NONE OF THE INVOLVED PARTIES.

(Docket Entry #1-5, pp. 6, 7.)

Petitioner states in support of Point II:

> Petitioner submit[s] that allowing the Notice of Petition for Writ of
> Habeas Corpus in the above-captioned-matter, where petitioner
> could complete the state remedies for exhaustion but also have his
> Writ of Habeas Corpus filed within the one-year statute of
> limitation, pursuant to the Antiterrorism and Effective Death
> Penalty Act of 1996 . . . .

> Moreover, after the initial filing herein of petitioner's Notice of
> Petition for a Writ of Habeas Corpus and then placing same in
> Abeyance, causing no harm nor foul play to none of the parties
> involved in the case at bar.

> Furthermore, the principles of comity, federalism and fairness
> favor exhaustion in state court . . . .  Wherefore, said relief to grant
> Abeyance, until completion of petitioner's state remedies for
> exhaustion must be granted.

(Docket Entry #1-5, pp. 7-8.)

Petitioner concludes:

> For all the foregoing reasons argued herein and in the interest of
> fundamental fairness, petitioner at bar must be allowed to preserve
> his Notice of Writ of Habeas Corpus meritorious constitutional
> claims that could be effectively argued after petitioner has
> completed the exhaustion of his state remedies, in order to not be
> procedural/statute time-barred and allowing the filing of
> petitioner's Notice of Petition for Writ of Habeas Corpus and to be
> held in Abeyance, is not [] unreasonable relief.

Petitioner preserve[s] all constitutional rights to Traverse and file more in-depth his constitutional rights violations in support of Writ of Habeas Corpus, relief after exhaustion of his state remedies.

(Docket Entry #1-5, p. 9.)

## II. DISCUSSION

A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4; see Mayle v. Felix, 545 U.S. 644, 656 (2005). Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B. Subject Matter Jurisdiction

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998). "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to

4

render advisory opinions." U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 445-46 (1993) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)) (internal quotation marks omitted); see also Flast v. Cohen, 392 U.S. 83, 97 (1968); see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937).

Section 2254(a) of Title 28 of the United States Code gives a district court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only on the ground that the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989). Petitioner satisfies the status requirement because, according to the Petition, he is in custody of the State of New Jersey pursuant to a state criminal conviction.

This Court lacks jurisdiction over Petitioner's Notice of Habeas Corpus Petition, request for a stay and abeyance, and request for appointment of counsel, because Petitioner has not filed a § 2254 petition raising grounds asserting that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "In conducting habeas review,

a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen Cnty. Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997).  In reviewing a habeas petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1]  Nor may the Court recharacterize a ground asserted under state law as a federal constitutional claim.[2]  While a District Court has the power to stay "a 'mixed petition' for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not," Rhines v. Weber, 544 U.S. 269, 271 (2005), this Court lacks subject matter jurisdiction to grant a stay in this case because Petitioner has not actually filed a § 2254 petition raising grounds asserting that he is in custody in violation of federal law.[3]

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle v. Isaac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] It appears premature for Petitioner to file a § 2254 petition in this Court, since he is

(continued...)

Two published decisions of the United States Court of Appeals for the Second Circuit, and one unpublished decision of the United States Court of Appeals for the Third Circuit, are instructive. In <u>United States v. Leon</u>, 203 F.3d 162 (2d Cir. 2000), the United States Court of Appeals for the Second Circuit held that a federal court lacks jurisdiction to entertain a motion to extend the time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when no such petition has actually been filed "because there is no 'case' or 'controversy' within the meaning of Article III of the Constitution." <u>Id.</u> at 163. "Here, because [petitioner] has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." <u>Id.</u> at 164. The court concluded that "[i]f or when [petitioner] actually files a § 2255 petition, the District Court . . . may consider his argument that such a petition should be considered timely." <u>Id.; see also</u> <u>United States v. McFarland</u>, 125 Fed. App'x 573 (5th Cir. 2005).

In <u>Green v. United States</u>, 260 F.3d 78 (2d Cir. 2001), the United States Court of Appeals for the Second Circuit indicated that, if a motion to enlarge the time to file a § 2255 motion sufficiently articulates a cognizable claim for relief under § 2255, a district court may treat the motion as a substantive motion for relief under § 2255, provided the court first notifies the

---

[3](...continued)
presently pursuing state post-conviction relief and the New Jersey courts may grant Petitioner relief. Moreover, if (as Petitioner asserts) he filed his petition for post-conviction relief in the Law Division in 2007, and this petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), then he has not used any of his federal 365-day limitations period under 28 U.S.C. § 2244(d)(1), since the conviction became final 90 days after February 5, 2008, and the time during which a properly filed state PCR is pending does not count toward the 365-day statute of limitations under 28 U.S.C. § 2244(d)(1). <u>See</u> 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").

petitioner of the consequences of filing a § 2255 motion and offers him an opportunity to withdraw the motion, rather than have it construed as a § 2255 motion. Id. at 83-84. However, the Green court held that because the petitioner "had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion." Id. at 84.

In Anderson v. Pennsylvania Attorney General, 82 Fed. App'x 745 (3d Cir. 2003), a state prisoner filed a "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" stating that "his grounds for habeas relief [were] based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause," that the statute of limitations was about to expire, and that he needed more time to prepare his § 2254 petition. Id. at 747. The United States District Court for the Middle District of Pennsylvania denied the motion, and petitioner filed a motion for reconsideration through counsel. Petitioner argued in the motion for reconsideration that, because the motion for an extension of time was filed within the limitations period and it contained sufficient information to constitute a § 2254 petition, the district court erred by failing to give him time to file a more specific pleading or to notify him before dismissing the motion. The District Court denied the motion, and the Third Circuit granted a certificate of appealability. Id. at 747-48. The Court of Appeals determined that the motion for an extension of time was filed four days before the statute of limitations expired and that the District Court had subject matter jurisdiction to rule on the motion. Id. at 748-49. The court found that Anderson's allegations "that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition [were] sufficient to present a case or

8

controversy and invoke the court's jurisdiction." Id. at 749. Nevertheless, the court concluded

that the District Court did not err by failing to recharacterize the motion as a § 2254 petition or

failing to provide notice under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and United States

v. Miller, 197 F.3d 644, 649-52 (3d Cir. 1999), because the motion for an extension of time did

not sufficiently state a claim for relief under § 2254 and Habeas Rule 2(c), and would therefore

have been subject to summary dismissal under Habeas Rule 4:

> We further conclude that the District Court did not err by failing
> to recharacterize Anderson's motion as a § 2254 motion and
> provide him notice under Miller and Mason where Anderson did
> not sufficiently state a claim for relief. If the District Court had
> recharacterized the motion, it was subject to summary dismissal.
> See United States v. Thomas, 221 F.3d 430, 438 (3d Cir. 2000)
> (stating that vague and conclusory grounds for habeas relief are
> subject to summary dismissal); Rule 2 of the Rules Governing
> Section 2254 Cases (providing that habeas petitions shall set forth
> all grounds for relief and facts supporting those grounds).

Anderson, 82 Fed. App'x at 749.

Significantly, the Court of Appeals expressly rejected Anderson's argument that the

District Court "had to know that the claims in his habeas petition were the same as those he

presented in state court because he was required to satisfy exhaustion requirements." Id. at 749-

50. "The District Court cannot assume that a petitioner will bring the same claims in federal

court that he presented to the state courts." Id. at 750.

As previously stated, this Court lacks jurisdiction to entertain requests for a stay and

appointment of counsel since Petitioner has not filed a § 2254 petition over which this Court has

jurisdiction. Unlike the motion for an extension of time in Anderson, Petitioner's filing does not

give this Court subject matter jurisdiction because Petitioner does not assert any ground that "he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a).  Because Petitioner has not actually filed a § 2254 petition, and the document he did

file does not assert that he is in custody in violation of federal law, "there is no case or

controversy to be heard, and any opinion [this Court] were to render on the [stay] issue would be

merely advisory." Leon, 203 F.3d at 164.  This Court accordingly dismisses the matter for lack

of subject matter jurisdiction.[4]  See Leon, 203 F.3d at 164; Dykeman v. New Jersey, No. 09-

4212, 2009 WL 2986399 (D.N.J. Sept. 15, 2009) (dismissing for lack of jurisdiction request to

toll the time to file a habeas corpus petition under 28 U.S.C. § 2254, where no petition had been

filed); Morris v. New Jersey, No. 08-3615, 2008 WL 4276926 (D.N.J. Sept. 9, 2008) (dismissing

request to stay under Rhines for lack of jurisdiction where no § 2254 petition had been filed).

C.  Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional

right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R.

App. P. 22(b)(1).

---

[4] Alternatively, if Petitioner's filings were sufficient to create a case or controversy and this Court had subject matter jurisdiction under § 2254, then this Court denies Petitioner's request for a stay because Petitioner's submission does not sufficiently state a claim for relief under Habeas Rule 2(c), and therefore requires summary dismissal under Habeas Rule 4.  See Anderson, 82 Fed. App'x at 749; Pantusco v. Lagana, No. 10-6413, 2010 WL 5253532 (D.N.J. Dec. 16, 2010).

### III.  CONCLUSION

For the foregoing reasons, this Court dismisses the matter for lack of jurisdiction and declines to issue a Certificate of Appealability.

_____
**ESTHER SALAS**
United States District Judge

DATED: _July 18_, 2011